Bell, J.
The Court of Appeals held that this action is purely statutory and is not based on negligence on *107 the part of the defendants. We agree with that conclusion.
Section 5838, General Code (now Section 955.28, Revised Code, without substantial change), as amended effective September 10, 1951, which was approximately two months prior to the accident involved herein, read as follows:
‘ ‘ A dog that chases, worries, injures- or kills a sheep, lamb, goat, kid, domestic fowl, domestic animal, except a cat or another dog or person, can be killed at any time or place; and if in attempting to kill such dog running at large a person wounds it, he shall not be liable to prosecution under the penal laws which punish cruelty to animals. The owner or keeper shall be liable for any damage or injuries cause by a dog unless such damage or injury shall have been occasioned to the body or property of a person, who, at the time such damage or injuries were sustained, was committing a trespass on the property of the owner, or was teasing, tormenting, or abusing such dog on the owner’s property. ” (Emphasis added.)
Prior to September 10, 1951, Section 5838, General Code, had read as follows:
“A dog that chases, worries, injures or kills a sheep, lamb, goat, kid, domestic fowl, domestic animal or person, can be killed at any time or place; and, if in attempting to kill such dog running at large a person wounds it, he shall not be liable to prosecution under the penal laws which punish cruelty to animals. The owner or harborer of such dog shall be liable to a person damaged for the injury done. ’’ (Emphasis added.)
It is the contention of defendants, which contention was upheld by the trial court, that the use of the word, “a,” in amended Section 5838, General Code, did not change the effect of Section 5838, General Code, as it read prior to the amendment, and that the liability of a dog owner or keeper is confined to damage done by *108 “such” a dog as “chases, worries, injures or kills.” With this contention we cann-ot agree.
In our opinion, the Court of Appeals correctly interpreted as follows the applicable statute:
“In the earlier form of the statute, it will be noticed that the liability of the owner is imposed for the act of ‘such dog,’ to wit, one which chases, worries, injures, or kills sheep. In the present form of the applicable statute * * * it is provided that the owner or keeper or ‘a’ dog is liable for damages caused thereby. In the earlier section, the liability for ‘such dog’ was unqualified. In the present section, there are exceptions in favor of the owner or keeper, against a trespasser, or where the person injured was teasing or tormenting the dog. The net result of these changes is now, with the exceptions noted, which are inapplicable to the facts herein involved, to make the owner or keeper of a dog liable for damages proximately caused by the owner’s or keeper’s dog; the statement in the present statute, referring to chasing, worrying, etc., applying to the animal which may be killed. This part of the section is completely divorced from that part of the section dealing with the liability of the owner or keeper of a dog. No clearer language could be used: ‘The owner or keeper shall be liable for any damage or injuries caused by a dog.’ ”
Under this view of the statute, the trial court erred to the prejudice of plaintiff in refusing to give one or the other of plaintiff’s requested charges No. 1 and No. 2, both of which correctly stated the law to the effect that the law imposes an absolute liability on the owner or keeper of a dog, the actions of which are the proximate cause of damage or injury.
By the same token, the trial court erred in giving defendants ’ requested charges Nos. 3, 4, 5 and 6.
We have examined the general charge of the court and concur in the analysis made thereof by the Court *109 of Appeals. The issues to be submitted to the jury are (1) ownership or keeper ship of the dog, (2) whether the actions of the dog were the proximate cause of the damage, and (3) the monetary amount of the damage.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Matthias, Hart, Zimmerman and Stewart, JJ., concur.
Taet, J., concurs in paragraph one of the syllabus but dissents from paragraphs two and three of the syllabus and from the judgment.